# EXHIBIT B



**EMPLOYEE CONFIDENTIALITY, NON-COMPETITION AND ASSIGNMENT OF INVENTION AGREEMENT**

In consideration of my employment with CenTrak, a Delaware corporation (the "Company", "you" or "we"), I agree with the Company as follows:

  **1.**  **Company Business**.  I understand that the Company is engaged in a continuous program of research, development, production and marketing in connection with its Business and that, as an essential part of my employment with the Company, I may be expected to make new contributions to and create inventions of value for the Company.  For purposes of this agreement, "Business" shall mean the design, manufacture or sale of real-time location or tracking equipment, or such other business as the Company may enter into, or contemplate entering into, in the future.

  **2.**  **Disclosure of Inventions**.  Following the date I first become an employee and during the entire course of my employment with the Company, I will fully and promptly disclose to the Company all inventions, improvements, designs, techniques, processes, procedures, original works of authorship, computer software programs, trade secrets and other intellectual property ("Inventions"), that are made, conceived, first reduced to practice or created by me, either alone or with others. I shall assign to the Company any prior inventions, except those prior inventions listed in Schedule A which shall not belong to the Company (the "Prior Inventions").

  **3.**  **Assignment of Inventions**.  I acknowledge that copyrightable works prepared by me within the scope of my employment are "works for hire" under the United States Copyright Act and that the Company will be considered the author of such works.  I agree that all Inventions that (a) are developed using equipment, supplies, facilities or trade secrets of the Company, (b) result from work performed by me for the Company, or (c) relate to the Company's Business, will be the exclusive property of the Company and are assigned by me to the Company. I irrevocably assign to the Company all intellectual property rights (including, but not limited to, patents, copyrights, trademarks) in any such Invention and any right to modify or control such Inventions (also known as "moral rights"). In the event I am unable or unwilling to execute any required assignment documents described in this document, I hereby authorize the Company to execute such documents on my behalf, to the extent necessary to effectuate such assignments.

  **4.**  **Assistance**.  I will assist the Company in obtaining legal protections for the Company's Inventions in any and all countries.  I will execute any documents that the Company may reasonably request for use in obtaining or enforcing any legal protections and intellectual property rights of the Company.

  **5.**  **Proprietary Information**.  I understand that my employment by the Company creates a relationship of confidence and trust with respect to any information of a confidential nature that may be disclosed to me by the Company that relates to the business of the Company (such as Inventions, marketing plans, product plans, business strategies, financial information, forecasts, personnel information and customer lists), or its affiliates, customers or suppliers ("Proprietary Information").  During and after my employment, I will keep all Proprietary Information confidential, and I will only disclose Proprietary Information, when properly authorized to do so, in performing my duties as a member of the Company.

  **6.**  **Surrender of Company Property.** Upon termination of my employment with the Company, for whatever reason, or upon any request from the Company, I will promptly surrender to the Company all files, documents, letters, memoranda, records, data, models, computer equipment or devices, computer programs, or any other written, photographic, or tangible materials containing Proprietary Information, and any copies thereof, and any other Company property in my possession, custody or control.  I will not retain, take with me, use or pass on, directly or through any other individual or entity, any such materials or copies thereof or any other Company property. All such materials and copies thereof and any other Company property shall be and are the exclusive property of the Company to be used by me only in the performance of my duties for the Company and shall not be copied or removed from Company premises except in the pursuit of authorized Company business.  I further agree to promptly return all equipment provided to me by the Company for use during my employment and understand that I have no right to retain any such equipment for any reason whatsoever.

  **7.**  **Confidentiality**.  At all times, both during my employment and after its termination, I will keep and hold all such Proprietary Information in strict confidence and trust, and I will not use or disclose any of such Proprietary Information without the prior written consent of the Company, except as may be necessary to perform my duties as an employee of the Company for the benefit of the Company.  Upon termination of my employment with the Company, I will promptly deliver to the Company all documents and materials of any nature pertaining to my work with the Company and I will not take with me any documents or materials or copies thereof containing any Proprietary Information.  The obligations contained in this Agreement shall be supplementary to and in no way deemed a limitation of the Company's rights as they may otherwise exist pursuant to

| Document Name: | Employee Confidentiality |
|---|---|
| Document Number: | HR-50002 |
| Effective Date: | April 20, 2012 |
| Page 1 of 5 | |



applicable law.  It is my intention to provide the Company with the greatest protection of its confidential information as is permitted by law.

**8.  No Breach of Prior Agreement**.  The performance of my duties as an employee of the Company will not breach any invention assignment, proprietary information or similar agreement with any former employer or other party and I will not use in the performance of my duties any documents or materials of a former employer that are not generally available to the public or have not been legally transferred to the Company.

**9.  Duty Not to Compete**.

(a)  During my employment at the Company and for a period of one (1) year after the termination of that employment, I will not, without the Company's express written consent, directly or indirectly engage in any consulting, employment with one of the Listed Competitors (as defined in Schedule B) or any other business that is "competitive" with the Company or assist others in any business that is "competitive" with the Company.  A company shall be considered "competitive" with the Company if such company engages in the Business.

(b)  I and the Company agree that the scope of the obligations contained in Section 9(a) of this Agreement are reasonable.  However, should a court of competent jurisdiction ever find any of the provisions of Sections 9(a) to be invalid or unenforceable, I and the Company agree that such provisions shall be enforced to the fullest extent permitted by law.  If the provision found to be invalid or unenforceable cannot be enforced as written, I and the Company agree that the provision shall be read to provide the Company with the greatest protection of its legitimate business interests permitted by applicable law.

**10.  Non-Solicitation/Non-Interference.**

(a)  During my employment at the Company and for a period of one (1) year after the termination of that employment, regardless of the reason for such termination, I agree that I will not:

(i) recruit, solicit, or hire, or assist others in recruiting, soliciting or hiring, any past or present members, director, employee, contractor or other business associate (collectively each a "Business Relation") or otherwise induce any Business Relation to terminate or cease his/her employment or other business relationship with the Company.  The term Business Relation shall include those individuals or entities who were employed, engaged or associated with the Company during my employment, but shall not include any individual who has not had any business relationship with the Company for a period of six consecutive months at the time of the recruiting, solicitation or hiring.

(ii)  solicit, divert, or take away, or attempt to solicit, divert or take away the business or patronage or any of the clients, customers, business contacts or accounts, or prospective clients, customers or accounts of the Company which are or were contacted, solicited, or served by the Company.  For the purposes of this agreement the term "prospective client, customer or accounts" shall include those individuals and/or entities with which the Company has had contact.

(b)  I understand and agree that situations may arise in the future that require you to let my future employers know about my responsibilities under this Agreement and hereby authorize the Company to disclose the existence of the restrictions contained in this Agreement to all third parties the Company deems appropriate to protect its legitimate business interests.

**11**.  **Name & Likeness Rights, Etc.**.  The Company may use my name and biographical information in any media during my employment for any business purpose.

**12**.  **Non-Monetary Relief**.  I understand that in the event of a breach or threatened breach of this Agreement by me the Company may suffer irreparable harm and will therefore be entitled to non-monetary relief (also known as injunctive relief) to enforce this Agreement, without in any way limiting the Company's rights to seek all such other relief as may be permitted by law.

**13**.  **Governing Law**.  This Agreement will be governed and interpreted in accordance with the internal laws of the Commonwealth of Pennsylvania, without regard to or application of choice of law rules or principles.  With respect to any disputes under this Agreement, I submit to the venue and jurisdiction of the state and Federal courts in Bucks County, Pennsylvania, and waive any claims as to *forum non conveniens* with respect to such courts.

| | Document Name: | Employee Confidentiality |
|---|---|---|
| | Document Number: | HR-50002 |
| | Effective Date: | April 20, 2012 |
| | Page 2 of 5 | |



    **14**. **Severability**. I and the Company agree that the scope of the obligations contained in this Agreement are reasonable. In the event that any provision of this Agreement is found to be unenforceable, it is the parties intent that such provision be enforced to the maximum extent permissible under applicable law or removed, and the remainder of this Agreement will remain in full force and effect.

    **15**. **No Employment Agreement**. I understand that this Agreement does not constitute an employment contract with the Company and that I am an "at will" member of the Company. Therefore, both the Company and I have the right to terminate the employment relationship at any time, for any reason or no reason, with or without notice and without further financial remuneration to me. This Agreement will be effective as of the first day of my employment by the Company:

~~12/1/13~~ ———— ————, ————.

IN WITNESS WHEREOF, the parties hereto have executed this Employment Confidentiality, Non-Competition and Assignment of Invention Agreement effective as of the date referenced in Section 15 above.

**MEMBER : I HEREBY ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND FULLY UNDERSTAND THIS AGREEMENT AND HAVE BEEN GIVEN AN ADEQUATE AMOUNT OF TIME TO REVIEW ITS CONTENTS**

| **CENTRAK, INC.** | **EMPLOYEE:** |
|---|---|
| Name: Gideon Naim | Name: Peter Rodrigues |
| Signed: *Gideon Naim* (DocuSigned by: E2E4BFF1FD11425...) | Signed: *Peter Rodrigues* (DocuSigned by: B0908BEB88214CD...) |
| Date: 12/26/2015 | Date: 12/21/2015 |

| | Document Name: | Employee Confidentiality |
|---|---|---|
| | Document Number: | HR-50002 |
| | Effective Date: | April 20, 2012 |
| | Page 3 of 5 | |



**SCHEDULE A**
**Prior Innovations**

| | |
|---|---|
| Document Name: | Employee Confidentiality |
| Document Number: | HR-50002 |
| Effective Date: | April 20, 2012 |
| Page 4 of 5 | |



**SCHEDULE B**
**Listed Competitors**

Aeroscout
Awarepoint
Ekahua
Innovonics
RF Technologies
Sonitor
Tempsys
Versus
Visonic
Companies that merge with, or acquire the assets or equity of the foregoing, or whose assets or equity the foregoing acquire

Such other competitors that design and/or produce their own RTLS equipment (tags and/or infrastructure) added to the foregoing list by written notice from time to time by CenTrak.

| | Document Name: | Employee Confidentiality |
|---|---|---|
| | Document Number: | HR-50002 |
| | Effective Date: | April 20, 2012 |
| | Page 5 of 5 | |