# EXHIBIT E



Writer's Direct:<br>
Phone: (859) 426-2110<br>
Fax: (859) 788-2011<br>
Email: aswitzer@dbllaw.com

January 24, 2025

**Sent Via Electronic Mail and Regular U.S. Mail**
Tony Fierro (tbillsjr@yahoo.com)
500 S Vine Street
Denver, CO 80209

Re:   Courtesy Reminder of Obligations under Employee Confidentiality, Non-Competition and Assignment of Invention Agreement with CenTrak, Inc.

Dear Mr. Fierro:

Please be advised that this office represents CenTrak, Inc. ("CenTrak"). I am writing concerning a courtesy reminder of the obligations to which you agreed in the Employee Confidentiality, Non-Competition and Assignment of Invention Agreement (the "Agreement") which you executed with CenTrak on January 22, 2018. For your reference, a copy of the Agreement is attached.

One of the obligations to which you agreed is that for a period of one (1) year following your termination of employment from CenTrak, regardless of the reason for your termination of employment, you will not directly or indirectly compete with the business of CenTrak (the "Covenant Not to Compete"). Additionally, you agreed that for a period of one (1) year following your termination of employment from CenTrak, regardless of the reason for your termination of employment, you would not solicit, recruit, or hire any employees of CenTrak, nor would you solicit, divert, or take away, or attempt to solicit, divert or take away the business or patronage of any customers or prospectives customers of CenTrak (the "Covenants Not to Solicit"). Since your termination of employment from CenTrak occurred on January 24, 2025, your Covenant Not to Compete and your Covenants Not to Solicit remain in full force and effect until January 24, 2026. In addition to your Covenant Not to Compete and your Covenants Not to Solicit, you further agreed to protect the confidentiality of and to not disclose or use CenTrak's confidential and proprietary information. Those obligations remain fully in effect.

CenTrak reserves all rights under the Agreement, and all other available rights at law and equity, without limitation or waiver.

Thank you for your attention to these matters.

Dressman Benzinger LaVelle psc
Attorneys at Law

CINCINNATI OFFICE:   221 East Fourth Street, Suite 2500, Atrium Two • Cincinnati, Ohio 45202-4100 • Phone: (513) 241-4110 • Fax: (513) 241-4551
COVINGTON OFFICE:   109 East Fourth Street, Covington, Kentucky 41011 • Phone: (859) 341-1881 • Fax: (859) 788-2011
LOUISVILLE OFFICE:   321 West Main Street, Suite 2100, Waterfront Plaza • Louisville, Kentucky 40202-4284 • Phone: (502) 572-2500 • Fax: (502) 572-2503

www.dbllaw.com

Page 2 of 2
January 24, 2025

        Sincerely,

        /s/ Alexis R. Switzer
        Alexis R. Switzer

Enclosure



**CenTrak, Inc. Employee Confidentiality, Non-Competition and Assignment of Invention Agreement**
Document Number: - HR-50002 | Effective Date: 06/01/2017
Process Owner: Gideon Naim | Title: CFO

# CenTrak, Inc. Employee Confidentiality, Non-Competition and Assignment of Invention Agreement

This Employee Confidentiality, Non-Competition and Assignment of Invention Agreement ("Agreement") is by and between CenTrak, Inc. and any of its subsidiaries or affiliates (collectively "CenTrak") and the undersigned employee ("Employee").

NOW, THEREFORE, in consideration of the covenants, terms, and conditions contained in this Agreement, CenTrak and Employee agree as follows:

1.      **CONSIDERATION.** Employee and CenTrak acknowledge and agree that Employee's execution of this Agreement is a condition to Employee's employment with CenTrak. Employee acknowledges and agrees that employment by CenTrak with an opportunity for a payment under CenTrak's various compensation plans constitutes valuable and sufficient consideration for the execution of this Agreement, including the restrictive covenants contained in this Agreement. Employee further acknowledges that CenTrak has a substantial investment in the matters protected by this Agreement, including the confidential information, training, and knowledge supplied or to be supplied to Employee in connection with Employee's employment. Employee acknowledges that Employee has carefully reviewed all of the covenants, terms and conditions of this Agreement, and has been advised to seek independent legal counsel prior to its execution.

2.      **RESTRICTIVE COVENANTS.** In consideration of the covenants, terms and conditions in this Agreement, Employee agrees to the following restrictive covenants:

2.1.    Non-Disclosure of Confidential Information.  Employee acknowledges that Employee's position with CenTrak will expose Employee to certain confidential, competitively sensitive and proprietary information of CenTrak including, without limitation, techniques; know how; processes; strategies; systems; databases; applications; programs software; methods of operation; negotiations and contracts; research and development; engineering  data; financial  information (including financial statements); pricing and cost information  and strategies;  data regarding sales;  employee identity  and lists customer identity and lists; potential customer identity and lists; customer requirements information received from any customer of CenTrak; supplier and vendor identity and lists; training materials; product designs; artist content of productions; marketing information, research and strategies; business plans; projections; programming data; formulas; secret processes; machinery or devices; research projects; strategic plans or other information considered by CenTrak to be confidential, competitively sensitive or proprietary or that is considered a trade secret under applicable law, whether in tangible, electronic or other form or medium ("Confidential Information").  Employee acknowledges that Confidential Information is a valuable, special and unique asset of CenTrak. Employee will not, directly or indirectly, during or at any time after Employee's employment with CenTrak, use Confidential Information or any part of such Confidential Information for Employee's benefit or the benefit of any person, business or entity or disclose Confidential Information or any part of such Confidential Information to any person, business, or entity for any reason or purpose whatsoever, except upon the prior written consent of CenTrak. Employee will not, by any means, transfer or forward outside of CenTrak's computer network any CenTrak information, including, without limitation, Confidential Information, without the prior written consent of the CenTrak.  The confidentiality obligations herein shall not prohibit Employee from divulging Confidential Information by order of court or agency of competent jurisdiction or as otherwise required by law; however, Employee shall promptly inform CenTrak of any such situations and shall take reasonable steps to prevent disclosure of Confidential Information until CenTrak has been notified of such required disclosure and has had a reasonable opportunity to seek a protective order. Any such notification to CenTrak shall be made pursuant to Section 8 of this Agreement.

2.2.    Non-Solicitation of Employees and Agents. During the term  of  this Agreement and for a period of one (1) year after Employee's employment with  CenTrak  is terminated by either party for any reason or no reason, Employee shall not, directly or indirectly, solicit, encourage or induce or attempt to solicit, encourage or induce,



**CenTrak, Inc. Employee Confidentiality, Non-Competition and Assignment of Invention Agreement**
Document Number: - HR-50002 | Effective Date: 06/01/2017
Process Owner: Gideon Naim | Title: CFO

any person who provides services to CenTrak, whether as an employee, consultant, independent contractor or agent, or any entity which provides services to CenTrak under an agency relationship to terminate his, her or its relationship with or services for CenTrak, and shall not, directly or indirectly, either individually or as owner, agent, employee, consultant or otherwise, employ or offer employment to any person, agent or entity that provided services to CenTrak unless such person, agent or entity shall have ceased to provide services to CenTrak, or to have had a legal relationship with CenTrak, for a period of at least six (6) months.

2.3.    Non-Solicitation of Customers and Prospective Customers. During the term of this Agreement and for a period of one (1) year after Employee's employment with CenTrak is terminated by either party for any reason or no reason, Employee will not, directly or indirectly, solicit, contact, or do business with or attempt to solicit or do business with any customer or prospective customer of CenTrak, with respect to activities which compete in whole or in part with the activities of CenTrak. For purposes of this Agreement, "customer" includes any person, business, or entity with whom Employee directly or indirectly had transacted business during Employee's employment with CenTrak. For purposes of this Agreement, "prospective customer" includes any person, business, or entity: (i) that Employee contacted, solicited, or in any way dealt at any time within the twelve (12) month period immediately preceding Employee's termination of employment with CenTrak for the purpose soliciting the sale of goods and/or services of CenTrak; (ii) any person, business, or entity for whom Employee had any direct or indirect responsibility at any time within the twelve (12) month period immediately preceding Employee's termination of employment with CenTrak; and (iii) any person, business, or entity with whom CenTrak, with Employee's direct or indirect participation, had made contact and provided a quote or proposal or had been asked to provide a quote or proposal within the twelve (12) month period immediately preceding Employee's termination of employment with CenTrak.

2.4.    Non-Competition. During the term of this Agreement and for a period of one (1) year after Employee's employment with CenTrak is terminated by Employee for any reason or no reason or by CenTrak for cause, Employee shall not, directly or indirectly on behalf of Employee or any other person, business or entity, compete with CenTrak in the Territory. For purposes of this Agreement, "for cause" means CenTrak's termination of Employee's employment for behavior that, in the sole discretion of the Company, amounts to a violation of the CenTrak's business guidelines. For purposes of this Agreement, "compete" means participating in the discovery, reduction to practice, manufacture, management,

planning, research, development, or sale of real time locating technology and/or environmental monitoring (including without limitation the monitoring and/or control of temperature, humidity and other environmental conditions) infant, child or adult wander prevention, emergency alert, and/or senior care. For purposes of this Agreement, "Territory" means the United States, and any geographic areas outside of the United States serviced by Employee during the three (3) year period immediately preceding Employee's termination of employment with CenTrak.

2.5.    Return of CenTrak Property and Confidential Information. Immediately upon the termination of Employee's employment with CenTrak for any reason or no reason, Employee shall return to CenTrak all materials (in whatever form or medium, including electronically stored information) comprising or containing any Confidential Information and all other CenTrak Property in Employee's possession or control. Employee shall not retain any copies of any Confidential Information or CenTrak Property. If the CenTrak Property is not returned in good working order, Employee agrees to pay for any necessary repairs. Employee agrees not to remove any CenTrak Property or tangible Confidential Information from CenTrak's premises except as required in the performance of Employee's work for CenTrak. CenTrak Property is subject to inspection by CenTrak at any time without prior notice. For purposes of this Agreement, "CenTrak Property" means any property (i) owned by CenTrak, (ii) situated on CenTrak's premises, or (iii) provided to Employee by CenTrak.

3.    **INVENTIONS**

3.1.    Inventions. Employee understands that CenTrak is engaged in a continuous program of research, development, production and marketing and sales in connection with its business and that, as an essential part of



**CenTrak, Inc. Employee Confidentiality, Non-Competition and Assignment of Invention Agreement**
Document Number: - HR-50002 | Effective Date: 06/01/2017
Process Owner: Gideon Naim | Title: CFO

---

employment with CenTrak, Employee may be expected to make new contributions to and create inventions of value for the Company.

3.2.    Disclosure. During the entire course of employment with CenTrak, Employee will fully and promptly disclose to CenTrak all inventions, improvements, designs, techniques, processes, procedures, original works of authorship, computer software programs, trade secrets and other intellectual property ("Inventions"), that are made, conceived, first reduced to practice or created by Employee, either alone or with others. Employee shall assign to CenTrak any prior inventions, except those prior inventions listed in Schedule A which shall not belong to CenTrak (the "Prior Inventions").

3.3.    Assignment of Inventions.  Employee acknowledges that copyrightable works prepared by Employee within the scope of Employee's employment are "works for hire" under the United States Copyright Act and that CenTrak will be considered the author of such works.  Employee agrees that all Inventions that (a) are developed using equipment, supplies, facilities or trade secrets of CenTrak, (b) result from work performed by Employee for CenTrak, or (c) relate to CenTrak's business, will be the exclusive property of CenTrak and are assigned by Employee to CenTrak. Employee irrevocably assigns to CenTrak all intellectual property rights (including, but not limited to, patents, copyrights, and trademarks) in any such Invention and any right to modify or control such Inventions (also known as "moral rights"). In the event Employee is unable or unwilling to execute any required assignment documents described in this document, Employee hereby authorizes CenTrak to execute such documents on Employee's behalf, to the extent necessary to effectuate such assignments.

3.4.    Assistance.  Employee will assist CenTrak in obtaining legal protections for CenTrak's Inventions in any and all countries.  Employee will execute any documents that CenTrak may reasonably request for use in obtaining or enforcing any legal protections and intellectual property rights of CenTrak.

4.    **REVOCATION OF AUTHORIZATION**. Immediately upon the termination of Employee's employment with CenTrak for any reason or no reason, Employee is not permitted to access CenTrak's computer network for any purpose. Any and all authorizations for use of CenTrak's computer network are considered revoked as of the termination of Employee's employment with CenTrak. The provisions of this section apply to the computer network of any affiliate or subsidiary of CenTrak.

5.    **REMEDIES.**  Employee acknowledges that breach of this Agreement by Employee will cause CenTrak substantial and irreparable harm, which may not be adequately compensated by damages. In the event of Employee's actual or threatened breach of the provisions of any or all of the terms of this Agreement, CenTrak shall be entitled to obtain equitable relief, including an order requiring Employee to take any affirmative action necessary to effectuate the terms of this Agreement, and enjoining Employee from committing such actual or threatened breach of this Agreement.  Employee agrees and acknowledges that CenTrak is entitled to equitable relief without posting a bond.  In addition to these equitable remedies, CenTrak shall also be entitled to recover from Employee all of its legal remedies along with any reasonable attorney's fees, expenses and costs CenTrak incurs in connection with Employee's breach or threatened breach of this Agreement. If any provision or restriction of this Agreement is determined to be unenforceable, the remaining provisions and restrictions shall not be affected by such determination. Employee further acknowledges and agrees that no material or other breach of any contractual or legal duty by CenTrak under this Agreement or otherwise shall be held sufficient to excuse or terminate Employee's obligations under this Agreement or to preclude CenTrak from obtaining injunctive relief.

If a court of competent jurisdiction determines that any provision or restriction in Section 3 is unreasonable or unenforceable, Employee and CenTrak agree that said court shall modify such restriction or provision so that it becomes a reasonable and enforceable restriction on the activities of Employee. Employee acknowledges and agrees that the restrictions contained in Section 3 are reasonable and necessary to protect the legitimate business interests of CenTrak and will not impair Employee's ability to earn a living. Employee further acknowledges and agrees that the restricted periods of time set forth in Section 3 are material terms of this Agreement and that



**CenTrak, Inc. Employee Confidentiality, Non-Competition and Assignment of Invention Agreement**
Document Number: - HR-50002 | Effective Date: 06/01/2017
Process Owner: Gideon Naim | Title: CFO

CenTrak is entitled to Employee's full compliance for the entire periods of time.  To insure such compliance Employee agrees that the restricted periods of time in Section 3 shall be tolled during any period of time Employee is not in full compliance with such restrictions.

6.      **REPRESENTATION OF EMPLOYEE.**  As a material term of this Agreement, Employee makes the following representations to CenTrak:

6.1.    Employee represents to CenTrak that Employee is not subject to any confidentiality, non-disclosure, non-solicitation, invention, or non-competition restrictions or limitations regarding any employment prior to CenTrak.

6.2.    Employee represents  that if any  confidentiality, non-disclosure, non-solicitation, invention, or non-competition restrictions or limitations exist regarding any prior employment, Employee has fully disclosed to CenTrak those restrictions and limitations and confirmed that Employee's employment with CenTrak will not violate those restrictions or limitations.

6.3.    Employee represents and agrees that following Employee's termination of employment  with  CenTrak, Employee  will  disclose  to  any  future  employer  of  Employee  the  restrictions  and  terms  contained  in  this Agreement.  Employee further agrees that CenTrak and its successors and assigns may notify any prospective or future employer of Employee of the restrictions and terms contained in this Agreement.

6.4.    Employee represents that following Employee's termination of employment with CenTrak, during any of the restricted periods set forth in Section 2, Employee will immediately notify CenTrak in writing of the identity of any prospective or actual employers of Employee.

7.      **NOTICE.**  Any notice to CenTrak under this Agreement shall be in writing and sent postage prepaid via certified mail return receipt requested addressed to:

>   CenTrak, Inc.
>   826 Newtown-Yardley Road
>   Newtown, PA 18940
>   ATT: Gideon Naim, Chief Financial Officer

8.      **CHOICE OF LAW.** This Agreement shall be governed in all respects whether as to validity, construction, capacity, performance or otherwise by the laws of the Commonwealth of Pennsylvania without regard to conflict of law principles.  With respect to any disputes under this Agreement, the parties submit to the venue and exclusive jurisdiction of the Commonwealth and federal courts in Bucks County, Pennsylvania, and waive any claims as to forum non-convenience with respect to such courts.

9.      **MISCELLANEOUS.** This Agreement shall bind and inure to the benefit of the parties and their respective legal representatives, heirs, successors, and assigns, except as otherwise provided in this Agreement. This Agreement is personal to Employee, and Employee may not assign Employee's rights (or delegate Employee's duties) under this Agreement without the prior written consent of CenTrak. CenTrak may assign all of its rights under this Agreement to its successors and assigns. No amendments, modifications, alterations, or additions to this Agreement shall be binding unless made in writing and signed by CenTrak and Employee. The failure of any party to enforce a breach of this Agreement shall not be construed as a waiver of the right to enforce any other breach. The parties stipulate and agree that each and every paragraph, sentence, term, and provision of this Agreement shall be considered independent, reasonable, and severable. The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions of it; and this Agreement shall be construed in all respects as if such invalid or unenforceable provision was omitted.  This Agreement constitutes the entire agreement of the parties concerning the subject matter of this Agreement, with all prior negotiations and agreements concerning the subject matter of this Agreement, whether written or oral,



**CenTrak, Inc. Employee Confidentiality, Non-Competition and Assignment of Invention Agreement**
Document Number: - HR-50002 | Effective Date: 06/01/2017
Process Owner: Gideon Naim | Title: CFO

being replaced and superseded by this Agreement, except that any agreement relating to inventions or intellectual property signed by Employee shall remain in effect.

10.     **BRIBERY AND CORRUPTION.** As a member of the Halma™ family of companies, CenTrak adheres to the Halma™ Bribery and Corruption Policy Statement (the "B&C Policy"), which may be found at:

http://www.halma.com/about-halma/code-of-conduct//~/media/Files/H/Halma-Plc-V2/about-us/code-of-conduct/halma-code-of-conduct-sep-2011-a4.pdf.

In accordance with the B&C policy, CenTrak has a zero-tolerance policy towards any bribery or corrupt practices in its business dealings. Honoring the spirit and letter of this policy is expected, despite what may be locally acceptable business practice or convention. Employee represents and warrants that Employee has not engaged in business practices, which violate the B&C Policy or any applicable local, state, federal and foreign laws, orders, rules and regulations regarding bribery and corruption. Employee shall remain in compliance with this clause during the term of this Agreement and while conducting any business dealings with, or on behalf of CenTrak. In addition, CenTrak expects those with whom it does business to disclose any coercion by others that may be in violation of the law. In the event that CenTrak determines, in its reasonable sole discretion, that Employee has breached this clause, CenTrak may terminate this Agreement and any other agreement with Employee without penalty and without any compensation to Employee. Employee shall indemnify and hold CenTrak harmless for all claims, demands, damages, costs, fines, penalties, reasonable attorney's fees, and all other expenses arising from failure of the Employee to comply with this clause.

IN WITNESS WHEREOF, intending to be legally bound, the parties have entered into this Agreement effective as of the date signed by the Employee.

| **CENTRAK, INC.** | | **EMPLOYEE** | |
|---|---|---|---|
| By: | *Gideon Naim* (DocuSigned, E2E4BFF1FD11425...) | Name: | *Anthony Fierro* (DocuSigned, E950B868588D4D1...) |
| Printed: | Gideon Naim | Printed: | Anthony Fierro |
| Its: | CFO | Date: | 1/22/2018 |
| Date: | 2/1/2018 | | |

**CenTrak, Inc. Employee Confidentiality, Non-Competition and Assignment of Invention Agreement**

Document Number – HR-50002 | Effective Date: 06/01/17
Process Owner: Gideon Naim | Title - CFO



*Page 5 of 5*



Writer's Direct:<br>
Phone: (859) 426-2110<br>
Fax: (859) 788-2011<br>
Email: aswitzer@dbllaw.com

January 24, 2025

**Sent Via Electronic Mail and Regular U.S. Mail**
Commure, Inc.
Attn: Daniel Brian, Chief Legal Counsel (daniel@commure.com) and
Celeste Stephens, Human Resources (cstephens@commure.com)
1300 Terra Bella Ave, Suite 200
Mountain View, CA 94043

  **Re: Cease and Desist – Second Notice – Tony Fierro, Peter Rodrigues, Todd Stewart and Christine Sei's Employee Confidentiality, Non-Competition and Assignment of Invention Agreements with CenTrak, Inc.**

Dear Mr. Brian and Ms. Stephens:

  As you know, this office represents Centrak, Inc. ("CenTrak"). I write as a follow up to the letter sent on January 7, 2025, regarding certain obligations to which your current employees, Peter Rodrigues, Todd Stewart, and Christine Sei, previously agreed to in their prior employment with CenTrak.

  It has come to our attention that Tony Fierro, a CenTrak employee, has accepted a position of employment with Commure, Inc. ("Commure"). Similar to the aforementioned employees in my previous letter, Mr. Fierro entered into an Employee Confidentiality, Non-Competition and Assignment of Invention Agreement (the "Agreement") with CenTrak. One of the obligations to which Mr. Fierro agreed is that for a period of one (1) year following his termination of employment from CenTrak, regardless of the reason for his termination of employment, he will not directly or indirectly compete with the business of CenTrak (the "Covenant Not to Compete"). Furthermore, Mr. Fierro agreed that for a period of one (1) year following his termination of employment from CenTrak, regardless of the reason for his termination of employment, he will not solicit either current or prospective customers of CenTrak, nor will he solicit employees or agents of CenTrak (the "Covenants Not to Solicit"). Mr. Fierro's termination of employment occurred on January 24, 2025. As a result, his Agreement remains in full force and effect until January 24, 2026. In addition, Mr. Fierro agreed to protect the confidentiality of and to not disclose or use CenTrak's confidential and proprietary information. Those obligations remain fully in effect.

Dressman Benzinger LaVelle psc
Attorneys at Law

---

CINCINNATI OFFICE: 221 East Fourth Street, Suite 2500, Atrium Two • Cincinnati, Ohio 45202-4100 • Phone: (513) 241-4110 • Fax: (513) 241-4551
COVINGTON OFFICE: 109 East Fourth Street, Covington, Kentucky 41011 • Phone: (859) 341-1881 • Fax: (859) 788-2011
LOUISVILLE OFFICE: 321 West Main Street, Suite 2100, Waterfront Plaza • Louisville, Kentucky 40202-4284 • Phone: (502) 572-2500 • Fax: (502) 572-2503

www.dbllaw.com

Page 2 of 2
January 24, 2025

      There are now four former CenTrak employees who are currently working for, or who have accepted a position of employment with, Commure. CenTrak has serious concerns about the protection of its confidential and proprietary information. CenTrak is prepared to enforce its rights to the fullest extent permitted by law, including its right to redress any tortious interference with CenTrak's agreements by Commure, as well as the misappropriation of CenTrak's confidential and proprietary information. For the avoidance of doubt, customers you are prohibited from competing with through CenTrak's former employees are listed in the attached **Schedule 1**.

      Because these interferences with CenTrak's agreements may likely become the subject of litigation, we inform you that you have an obligation to preserve any documents, e-mails, electronic files, and other potential information that may be related in any way to such litigation, including, without limitation, hard copy documents and correspondence, as well as Electronically Stored Information ("ESI"). ESI includes, but is not limited to, communications, documents and information stored on computer systems, electronic storage media, back-up tapes, electronic emails, telephone records and logs, word processing documents, spreadsheets, databases, calendars, digital images, Internet usage files, network access information, system servers, stand-alone computers and laptops (including all hard drives), personal digital assistants, voice mails, voice over internet protocols, text messages, and cellular telephones. Also subject to the preservation obligation are documents and communications in your possession, custody or control relating to the solicitation of Mr. Fierro, Mr. Rodrigues, Mr. Stewart, Ms. Sei, and any other CenTrak employees; the solicitation of CenTrak's customers; disclosure or use of CenTrak's confidential and/or trade secret information, and/or any other matter raised herein.

      CenTrak hereby demands that Commure confirm in writing within seven (7) days of receipt of this correspondence that Commure will cease and desist from interfering with CenTrak's contracts and refrain from competing with the listed customers through CenTrak's former employees. Should Commure fail to confirm, CenTrak will seek to enforce its rights.

      CenTrak reserves all rights under the Agreements and all other available rights at law and equity, without limitation or waiver. Thank you for your attention to these matters.

                                               Sincerely,

                                               /s/ Alexis R. Switzer
                                               Alexis R. Switzer

Enclosure

## **SCHEDULE 1**

This list is not meant to be exhaustive and/or exclusive. CenTrak reserves all rights under the Agreements and there may be more customers subject to the Agreements that are not listed below.

Virtua Health, Inc.

Convergint Technologies, LLC

Signet Group